UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 4:15-TP-50003-MARTINEZ

UNITED STATES OF AMERICA

v.

DAN DAVIS,

        **Defendant.**
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR EARLY TERMINATION OF SUPERVISED RELEASE**

       The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Response in opposition to Defendant Dan Davis' *Motion to Terminate Defendant's Supervised Release Term* (the "Motion") [DE 2]. This Motion is premature under Title 18, United States Code, Section 3583(e)(1), and therefore should be denied.

       **I.    FACTUAL BACKGROUND**

       On September 10, 2008, the district court in the District of South Dakota sentenced defendant to 120 months incarceration to be followed by 3 years supervised release for distribution of marijuana in violation of Title 21, United States Code, Section 841(a)(1). Defendant began his term of supervised release on October 7, 2015, and was transferred to this Court on November 15, 2015.

       In his Motion, date stamped August 22, 2016, the Defendant seeks early termination of his supervised release based on his analysis of the 18 U.S.C. Section 3553(a) factors. Among other

1

Section 3553(a) factors, Defendant argues that he is not likely to recidivate given his age, and that his history and characteristics demonstrate he will not re-offend.  In this regard, Defendant specifically cites to his cooperation with the Bureau of Prisons while incarcerated, his payment of his financial obligations to the Court, and his compliance with his conditions of supervised release.[1]

## II.  ARGUMENT

Title 18, United States Code, Section 3583(e) provides that the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." While Defendant has complied with his conditions of supervised release and otherwise demonstrated the type of "exceptionally good conduct" warranting early termination, *see, e.g., U.S. v. Reisner*, Case No. 4:06-CR-077-SPM, 2008 WL 3896010, *1 (N.D. Fla. Aug. 20, 2008) (denying defendant's request for early termination of supervised release on the basis of compliance because such compliance does not "demonstrate exceptionally good behavior or other extraordinary circumstances sufficient to warrant early termination of her supervised release."), the Defendant filed his Motion prior to the expiration of one year of his term of supervised release.  Accordingly, this Court should deny Defendant's Motion, without prejudice to re-filing after completion of one year of his term of supervised release.

---

[1] Defendant's Probation Officer corroborated that the Defendant is indeed in compliance with his terms of supervised release and a BOP case worker confirmed his positive relationship with staff, his service as a tutor to other inmates and his genuine attempts to better himself while incarcerated.

### III. CONCLUSION

Accordingly, the United States respectfully requests that Defendant's motion for early termination be denied.

                                                Respectfully submitted,

                                                WIFREDO A. FERRER
                                                UNITED STATES ATTORNEY

By:     s/ Peter A. Forand_____
          PETER A. FORAND
          Assistant United States Attorney
          Fl. Bar. No. 682268
          U.S. Attorney's Office - SDFL
          99 Northeast Fourth Street, 6th Floor
          Miami, Florida 33132-2111
          Telephone: (305) 961-9060
          E-mail: Peter.Forand@usdoj.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on September 9, 2016, and mailed the same to the following address on September 12, 2016:

Dan Davis
1221 Parker Street, Apt. 2
Key West, Florida 33040

                                        s/ Peter A. Forand_____
                                        PETER A. FORAND
                                        ASSISTANT UNITED STATES ATTORNEY